UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
********************************
EMMANUEL SMITH                 *        CIVIL ACTION NO: 3:03-CV-1052 (DJS)
                               *
        Plaintiff              *
V.                             *
                               *
FLEET BANK                     *
                               *
        Defendant              *
********************************        FEBRUARY 9, 2005
```

**DEFENDANT'S LOCAL RULE 26(e) REPORT**

Date Complaint Filed:            On or about June 12, 2003

Date Complaint Served:           December 22, 2004

Date of Defendant's Appearance:  January 12, 2005

INTRODUCTION

This is an action brought without counsel by a person in custody of the State of Connecticut. Therefore, pursuant to Rule 26(a)(1)(E)(iii), this action is exempt from the initial disclosure rules and also from the Rule 26(f) planning conference. A similar exemption, however, is not provided in Local Rule 26(e). As Defendant's counsel has not been contacted by or heard anything from Plaintiff, Defendant is filing its own version of the Local Rule 26(e) Report.

I. CERTIFICATION

The undersigned counsel certifies that, after consultation with its client, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their client.

II. JURISDICTION

Plaintiff alleges that jurisdiction is asserted pursuant to 42 USC Section 1983 and 28 USC Section 1343(a)(3).

Defendant does not contest personal jurisdiction.

III. BRIEF DESCRIPTION OF THE CASE

Plaintiff appears to allege that Defendant violated Plaintiff's civil rights because Defendant turned over financial records to a "state agency." Defendant denies any wrongdoing and also claims that Plaintiff's claim is barred by the statute of limitations. The alleged wrongdoing occurred on various dates in April, May, and June of 2001, and the Complaint was not served on Defendant until December 22, 2004. The claim is therefore barred by the three-year statute of limitations set forth in Connecticut General Statutes Section 52-577.

2

In addition, it is Defendant's position that the Complaint fails to state a claim on which relief can be granted, because Defendant did not perform any act that would come within the purview of Section 1983.

IV.     STATEMENT OF UNDISPUTED FACTS

Defendant does not know if there are any material facts that are not in dispute.

V.      CASE MANAGEMENT PLAN

    A.     Standing Order on Scheduling in Civil Cases.

    Defendant does not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

    B.     Scheduling Conference with the Court.

    Defendant does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rules of Civil Procedure 16(b).

    C.     Early Settlement Conference.

        1.     Defendant certifies that it has considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Defendant does not yet know if settlement is or is not likely at this time.

        2.     Defendant requests an early settlement conference.

3

      3.      Defendant prefers a settlement conference with the presiding judge or a magistrate judge.

      4.      Defendant does not request a referral for Alternative Dispute Resolution pursuant to Local Rule 16.

    D.    <u>Joinder of Parties and Amendment of Pleadings.</u>

      Defendant has already filed its Answer to the Complaint.

    E.    <u>Discovery</u>.

      1.      Defendant has already filed Interrogatories and Request for Production directed to Plaintiff.

      2.      Defendant does not anticipate the need for any expert witnesses.

      3.      Discovery will not be conducted in phases.

      4.      Defendant cannot estimate when discovery should be concluded until Plaintiff has responded to Defendant's Interrogatories and Request for Production.

      5.      At this time, Defendant does not know if it will require the deposition of any fact witnesses.

      6.      Defendant will not request permission to serve more than 25 interrogatories.

      7.      At this time, Defendant does not intend to call expert witnesses at trial.

  F. <u>Dispositive Motions.</u>

Dispositive motions will be filed on or before 90 days after Plaintiff responds to Defendant's Interrogatories and Request for Production.

  G. <u>Joint Trial Memorandum</u>.

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 180 days after Plaintiff responds to Defendant's Interrogatories and Request for Production.

VI. <u>TRIAL READINESS.</u>

The case will be ready for trial by 60 days after the filing of the Joint Trial Memorandum.

As an Officer of the Court, the undersigned counsel agrees to cooperate with Plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

                DEFENDANT, FLEET BANK

                By_____
                  Gerald L. Garlick, Esq. of
                  Krasow, Garlick & Hadley, LLC
                  One State Street
                  Hartford, CT 06103
                  Telephone:  (860) 549-7100
                  Facsimile:   (860) 728-1651
                  Email:  ggarlick@krasowgarlick.com
                  Federal Bar No ct05627

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 9th day of February, 2005 to the following Pro Se Plaintiff:

        Mr. Emmanuel Smith
        Inmate No. 232549
        MacDougall-Walker Correctional Institution
        1153 East Street South
        Suffield, CT 06080


        _____
        Gerald L. Garlick

000233/00054/lib002/23502.1