UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*********************************
EMMANUEL SMITH                   *        CIVIL ACTION NO: 3:03-CV-1052 (DJS)
                                 *
        Plaintiff                *
V.                               *
                                 *
FLEET BANK                       *
                                 *
        Defendant                *        APRIL 12, 2005
*********************************
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO**
**PLAINTIFF'S COMPLAINT OR FOR DISMISSAL OF PLAINTIFF'S COMPLAINT**

Defendant files this Memorandum of Law in support of its Motion for Judgment on the Pleadings as to Plaintiff's Complaint or for dismissal because of the failure to state a claim upon which relief can be granted.

I.  ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges violations of 42 U.S.C. §1983, and further alleges that these violations occurred on various dates, the latest of which was June 11, 2001. The Complaint further alleges that Defendant disclosed financial records "to a state agency in Bridgeport and Stamford to establish criminal conduct."

As evidenced by the Court's Order dated December 10, 2004, service of the Complaint had not been made on the Defendant as of December 10, 2004.

II.     ARGUMENT

Whether treated as a Motion to Dismiss or a Motion for Judgment on the Pleadings, Defendant is entitled to the relief sought because Plaintiff is not entitled to any relief under any state of facts which could be proved in support of Plaintiff's claim. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972). In this case, Plaintiff's claim fails for two reasons.

First, Plaintiff's claim is barred by the statute of limitations. Plaintiff alleges various violations of 42 U.S.C. §1983, and further alleges that those violations occurred on various dates, the latest of which was June 11, 2001. *See* Section D of Plaintiff's Complaint. Defendant, however, was not served with this action until some date after December 10, 2004. *See* the Court's Order dated December 10, 2004, indicating that the Complaint had not yet been served on Defendant.

Claims under Section 1983 are governed by Connecticut's three-year statute of limitations, as set forth in Section 52-577 of the Connecticut General Statutes. *See, e.g., Lounsbury v. Jeffries*, 25 F.3d 131 (2nd Cir. 1994); *Orticelli v. Powers*, 197 Conn. 9 (1985); *Williams v. Walsh*, 558 F.2d 667 (2nd Cir. 1977). As the latest date on which Defendant allegedly violated Plaintiff's rights was June 11, 2001, and as service of this action was not made until some time after December 10, 2004 (as

evidenced by the Court's order of that date), this action is clearly barred by the three-year statute of limitations.

Second, even if Defendant had filed any reports or provided any information to any governmental or police department or agency (which Defendant can neither admit nor deny), Defendant would be immune from any liability to Plaintiff by virtue of 31 U.S.C. §5318(g)(3) and 31 CFR §103.18(e).

Section 5318(g)(3) provides in pertinent part as follows:

> Any financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency … shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any state or political subdivision of any state, or under any contract or other legally enforceable agreement… for such disclosure….

*See also* 31 CFR §103.18(e).

Therefore, even if Defendant had filed such a report with any governmental authority (which Defendant, pursuant to the aforementioned statutes and regulations, can neither admit nor deny), Defendant would not be liable to Plaintiff under any statute, constitution, or agreement.

For the reasons set forth herein, Defendant respectfully moves that the Court grant its Motion and enter judgment for Defendant on Plaintiff's Complaint or, in the alternative, dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

          DEFENDANT, FLEET BANK

By_____
   Gerald L. Garlick, Esq. of
   Krasow, Garlick & Hadley, LLC
   One State Street
   Hartford, CT 06103
   Telephone: (860) 549-7100
   Facsimile: (860) 728-1651
   Email: ggarlick@krasowgarlick.com
   Federal Bar No ct05627

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 12th day of April, 2005 to the following Pro Se Plaintiff:

    Mr. Emmanuel Smith
    Inmate No. 232549

4

Osborne Correctional Institution
335 Bilton Road
P.O. Box 100
Somers, CT 06071

_____
Gerald L. Garlick

000233/00054/lib002/24039.1

5