page ① of ④

United States District Court
District of Connecticut

Emmanuel Smith
  plaintiff
v.
Fleet Bank

Civil Action No: 3:03-CV-1052 (DJS)

FILED
2005 JUNE 13 A 11:42
DISTRICT COURT
HARTFORD, CT.

Response and objection to Defendants motion for Judgment on the pleadings as to complaint and for Dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted.

Also in response as well as objection to motion previously stated and objection to memorandum of law in support of defendant's motion:

① (1) ARGUMENT - Some of the stated claims upon which relief can be granted are believed to be as follows, Communication was unlawfully intercepted under the provisions of 959a, 36a-42, 36a-43, 54-33a of the Connecticut General statutes;

(2) The order of authorization or approval under which it was intercepted is insufficient on it's face;

(3) The interception was not made in conformity with the order of authorization or approval;

(4) The right to privacy includes an "individual interest in avoiding disclosure of personal matters, see Whalen v. Roe, 429 US 589, 51 LEd 2d 64, 97 sct 869 (1977), Connecticut General Statutes sections 36a-42, 36a-43, 54-33a;

(5) Fifth Amendment protection against self incrimination and financial records from compelling disclosure to a government agency. See US v. Fox, 721 F2d 32 (2nd cir. 1983); Right to financial privacy Act - judicial remedy available to bank customers whose records are subjected to subpoena. See Sandsend Fin. Cons. v. Fed. Home loan Bank B.D., 878 F2d 875 (1989);

Evidence of violations of civil banking regulations cannot be used to establish criminal conduct. see US v. PARKS, 68 f3d 860 (1995).; Supreme cour held that state statutes do not take precedent over constitutional law. see James v. Kentucky, 466 US 341, 80 LED 2d 346, 104 SCT 1830 (1984).;

(6) "Contract law" — contractual clauses purporting to waive constitutional rights must be clear and unambiguous. see In-Re Worker's Compensation Refund, 46 f3d 813 (8th cir. 1995);

(7) Relief for imprisonment.

(II) ARGUMENT for second issue needed to be address is as follows: Under the Connecticut General statutes section 52-577a, the defendant is trying to use statutes of limitation to avoid their obligation and contract to me as a customer, also to prevent this claim from preceding.

This complaint was also filed with the United States District court of Connecticut well within the time limit set fourth in section 52-577 of Connecticut Gen Stat. Some proof of this statement can be seen on the Application to proceed without prepayment of fees and Affidavit, filed on 2003-Jun 12.

Also note, the court oderd this complaint to be served long before December 10, 2004. This claim should be part of the record for case No: 3:03-CV-1052 (DJS). Also as part of record is the date complaint was filed.

There is nothing stated by the defendant that change or counters the claims of this complaint case No: 3:03-CV-1052 (DJS). In fact the defendant's request for leave to amend complaint by adding counteclaim and special defense helps to re-inforce and add proof to plaintiffs claims within his complaint.

In addition Connecticut General statutes section 52-577 also

states in subsection (a) No product liability claim as defined in section 52-572 m <u>shall</u> be brought but within three years from the date when the injury, death or property damage is first sustained or <u>discovered</u>. The damage was discovered some time after the act by the bank and the injurys are sill taken place at this time.

Also under the laws stated by defendant like 31 U.S.C. § 53-18(9)(3) and 31 CFR § 103.18(e). Plaintiff dose not fall under the guide line stated because of the laws previously stated - and the violation of the laws or problems were created by a fleet bank act and denial of obligation to me as a bank customers.

Therefore, because defendant has done the reported claims in the complaint and cannot deny the violations stated. Also because evidence of violations done by fleet bank of banking regulations were used to establish criminal conduct.

For the reasons set forth and any found out side, plaintiff respectfully moves that the court dose not grant defendant's motion, nor enter judgment for defendants alternative of dismissal.

This response is also a reply to couterclaim and the three special defenses.

Plaintiff Emmanuel Smith
By Emm/ Smith

Osborn Correctional Institution
335 Bilton Road - P.O. Box 100

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 8th day of June to the following defendant:

        Gerald L. Garlick, Esq. of
        Krasow, Garlick and Hadley, LLC
        One State Street
        Hartford, CT 06103

        _____
        Emmanuel Smith