```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| **EMMANUEL SMITH,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | No. 3:03CV1052(DJS) |
| : | |
| **FLEET BANK,** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OF DECISION AND ORDER

Plaintiff Emmanuel Smith filed this action against defendant Fleet Bank ("Fleet") on June 12, 2003 alleging violations of federal and state law arising from Fleet's disclosure of Smith's banking records to local authorities. On April 13, 2005, defendant filed a motion for judgment on the pleadings (dkt. # 29) in this action. For the reasons set forth herein, Fleet's motion is **GRANTED**.

### I. FACTS

The factual basis for Smith's claims, as set forth in his complaint, is the following:

> [a]s a customer of fleet bank, a bank mistake and/or evidence of violations of civil banking regulations are being used to establish criminal conduct. . . . Also fleet bank has denied my right to the financial privacy Act [sic]. This conspiracy has taken place with state immune officials. . . .
>
>                             * * * *
>
> [O]n dates 4-24-01, 5-9-01, 5-11-01, 5-15-01, 5-18-01, 5-29-01, 6-4-01, 6-6-01, 6-11-01, fleet bank in Stamford west main street allowed disclosure of financial record [sic] to a state agency in Bridgeport

>     and Stamford to establish criminal conduct.  A bank
>     mistake and/or evidence of violations of civil banking
>     regulations are being used to establish criminal
>     conduct.
>
>                         * * * *
>
>     [F]leet bank has not [tried] to correct any of the
>     deprivation of my rights or misconduct done till this
>     point.  As a customer I have not been told nor given
>     any information from fleet bank on how to correct any
>     problems, instead I have been victimized by fleet bank,
>     also fleet bank conspired with state officials to deny
>     me my rights and subject me to criminal sanctions as
>     previously stated.

(Compl. at 3-4).

## II. DISCUSSION

### A. STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The

issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing <u>Scheuer</u>, 416 U.S. at 232).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).

### B. ANNUNZIO-WYLIE IMMUNITY

Fleet claims that, assuming Smith's allegations are true, it is immune from liability by operation of federal law.  The Annunzio-Wylie Act confers immunity upon financial institutions and their employees for liability arising from the reporting of potentially illegal activity through a "Suspicious Activity Report" ("SAR"):

> [a]ny financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency or makes a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or agent of such institution who makes, or requires another to make any such disclosure, shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such

>   disclosure or any other person identified in the
>   disclosure.

31 U.S.C. § 5318(g)(3)(A).  A SAR must be filed "no later than 30 calendar days after the date of initial detection of facts that may constitute a basis for filing a SAR," 12 C.F.R. § 208.62(d), and "SARs are confidential," 12 C.F.R. § 208.62(j). To this end,

>   [a]ny member bank subpoenaed or otherwise requested to
>   disclose a SAR or the information contained in a SAR
>   shall decline to produce the SAR or to provide any
>   information that would disclose that a SAR has been
>   prepared or filed citing this section, applicable law
>   (e.g., 31 U.S.C. 5318(g)), or both, and notify the
>   Board.

12 C.F.R. § 208.62(j).  "The safe harbor provision[, 31 U.S.C. § 5318(g)(3)(A),] applies, regardless of whether the SAR is filed as required by the Act or in an excess of caution."  Lee v. Bankers Trust Co., 166 F.3d 540, 544 (2d Cir. 1999).

Fleet's conduct that serves as the basis for Smith's claims is precisely the sort of conduct for which the Annunzio-Wylie Act confers immunity.  Smith alleges that Fleet furnished information to local law enforcement about suspected criminal activity. Therefore, Fleet is protected from liability for these disclosures.  The actual existence of a SAR filed with respect to Smith is immaterial; dismissal is warranted if the allegations in Smith's complaint allege acts for which Fleet would be immune under the Annunzio-Wylie Act.  See Lee, 166 F.3d at 544.

Therefore, Smith's complaint must be dismissed.[1]

### III. CONCLUSION

For the reasons set forth herein, Fleet's motion for judgment on the pleadings (dkt. # 29) is **GRANTED**.  Judgment shall enter for Fleet on all Smith's claims.  Smith shall file an answer to Fleet's counterclaim on or before **July 29, 2005.**

So ordered this 23rd day of June, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**

---

[1] The court need not reach Fleet's arguments regarding the applicable statute of limitations.