UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*********************************
EMMANUEL SMITH              *        CIVIL ACTION NO: 3:03-CV-1052 (DJS)
                            *
       Plaintiff            *
V.                          *
                            *
FLEET BANK                  *
                            *
       Defendant            *        JULY 14, 2005
*********************************
```

**<u>DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

Defendant files this Memorandum of Law in opposition to Plaintiff's Motion for Reconsideration and/or Amendment of Judgment, dated July 7, 2005. In addition to the arguments set forth herein, Defendant also incorporates the arguments set forth in Defendant's Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Complaint or for Dismissal of Plaintiff's Complaint, which Memorandum is dated April 12, 2005.

Plaintiff argues that the Anunzio-Wylie Act does not provide Defendant with immunity for reporting crimes, when the reports are made to private citizens. What Plaintiff overlooks, however, is that there is no claim or evidence that Defendant reported any crime to any private individual.

First, Plaintiff's Complaint alleges that Defendant disclosed financial records to "a state agency in Bridgeport and Stamford." There is no allegation that Defendant reported any crime to any private citizen.

Second, the documents attached to Plaintiff's Motion for Reconsideration establish that Defendant's investigator reported the crime only to the Stamford Police Department. There is nothing in those documents indicating that Defendant made any disclosure to a private individual.

Plaintiff also argues that the immunity provided under the Anunzio-Wylie Act does not provide immunity for a federal Constitutional claim. Plaintiff's Complaint, however, makes no valid Constitutional claim against Defendant. Although the Complaint mentions the "fifth amendment privilege against self incrimination," there are no facts or law to support such a claim against Defendant Fleet Bank.

As set forth in Defendant's Memorandum dated April 12, 2005, Plaintiff's claims are barred by the statute of limitations, and Defendant is also immune from any liability by virtue of 31 U.S.C. §5318(g)(3) and 31 CFR §103.18(e). Therefore, there is no basis for modifying or amending the judgment entered by this Court.

For the reasons set forth herein, Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration and/or Amendment of Judgment.

                              DEFENDANT, FLEET BANK

                          By_____
                              Gerald L. Garlick, Esq. of
                              Krasow, Garlick & Hadley, LLC
                              One State Street
                              Hartford, CT 06103
                              Telephone: (860) 549-7100
                              Facsimile: (860) 728-1651
                              Email: ggarlick@krasowgarlick.com
                              Federal Bar No ct05627

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 14th day of July, 2005 to the following Pro Se Plaintiff:

>Mr. Emmanuel Smith
>Inmate No. 232549
>Osborne Correctional Institution
>335 Bilton Road
>P.O. Box 100
>Somers, CT 06071

_____
Gerald L. Garlick

000233/00054/lib002/24039.1