United States District Court
District of Connecticut

Emmanuel Smith

v.

Fleet Bank

Case No. 3:03 CV1052 (DJS)(TPS).S.

Date 1-17-2005

<u>motion and request</u> judgment for reconsideration and amendment of judgment motion dated july 7, 2005.

... Pursuant to Rules 9(g), 15(b), 52(b), 60(b)(6), 62(b), and any applicable Rules and procedures Fed Rules of civil procedure.,

Theres has been a motion filed that plaintiff has yet to have a answer to. Note, this motion was filed in accord with Rule 52(b) Amendment's within 10 days of judgment on date 6-28-05.

Request for judgment on this motion so if need be this motion can be part of my Appeal to judgment made on 6-28-05, docket number 3:03 CV1052 (DJS). This previous reconsideration and Amendment motion is as of Right.

E. (Smith)
Plaintiff

Copy of previously stated motion dated July 7, 2005 is attached. I can also send a copy of Defendant's memorandum of law in opposition to plaintiff motion for reconsideration if needed.

United States District Court
District of Connecticut

Emmanuel Smith

v.

FLEET BANK

Case No. 3:03cv1052(DJS)

Date July-7-2005

**MOTION FOR Reconsideration and/or Amendment of Judgment.**

.... Pursuant to Rules 9(g), 15(b), 52(b), 59(a)(e), 60(b)(6), 62(b), and any applicable Rules and procedures of the Fed Rules of Civil procedure.

Motion for reconsideration and/or Amendment of judgement for the reasons that follow:

Under Annunzio Wylie Act a granting of the defendants motion for judgment on the pleadings (dKt #29) was granted. Signed by clerk on 6/28/05.

Annunzio Wylie Act, provides that financial institutions are immune from liability for disclosures made in reports of any suspicious transactions that are relevant to a possible violation of law, grants immunity from "any law or regulation of the United States, or any constitution, law, or regulation of any state or political subdivision thereof." Only claims for violations of federally granted constitutional rights can lead to the imposition of liability on a reporting financial institution. See Stout v. Banco Popular de Puerto Rico, D. Puerto Rico 2001, 158 F.Supp.2d 167.

This is to help better articulate claims made in complaint # 3:03 CV1052(DJS). Under Annunzio Wylie Act, financial institution Fleet Bank would not be entitled to immunity for disclosing to a private entity as opposed to a law enforcement or regulatory agency, even if the financial institution-Fleet Bank made the disclosure with the understanding that the bank customer would then immediately call the police; the Act

did not cover reports of crimes made by financial institutions to private citizens. See Nevin v. Citibank, N.A., S.D.N.Y. 2000, 107 F. Supp. 2d 333. There are three pages attached to this motion which shows this disclosure to privat citizen, and violations of federally granted constitutional rights by the defendant Fleet Bank. In addition as pro se plaintiff - I was not given the opportunity to Amend complaint if needed. Note, these acts were done 90 days before the bank even try to correct it's mistakes. One can look at the dates on the paper work provided, and determine the effort used to correct fleet Banks mistakes.

## Conclusion

For the reasons set forth herein, Plaintiff respectfully moves that the court grant its motion and enter judgment for Plaintiff Amending the judgement set forth on date 6/28/05 for case No. 3:03-CV-1052 (DJS)

_____ /S/th_____
Plaintiff

## DECLARATON UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above motion, that he has read the above motion and that the information contained in the motion is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____
date.

_____
Plaintiff Original Signature

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 17 day of August, 2005 to the following Defendant:

    Gerald L. Garlick, Esq. of Krasow, Garlick and Hadley, LLC
    One State Street
    Hartford, CT 06103