United States District Court
District of Connecticut

1 page of 4

Emmanuel Smith
Plaintiff / Defendant

v.

Fleet Bank
Defendant / Plaintiff

Civil Action No: 3:03-cv-1052 (DJS)

2005 SEP -1 A 11: 51

Date August 26, 2005

## ANSWER, SPECIAL DEFENSE AND COUNTERCLAIM

Pursuant to Rules 13 and 15 and any applicable rules and procedures of the Federal Rules of Civil procedure.

A. ### DOUBLE JEOPARDY, FIRST SPECIAL DEFENSE

1) In response to counterclaim, setoff, first count and second count: Due to prosecution by Fleet Bank and state of Connecticut, penalty recieved was directly related to crime of larceny and forgery in relation to this counterclaim.

2) Proceedings were "essentially criminal" for larceny and forgery charges for date 4/24/2001, 5/9/2001, 5/15/2001, 5/18/2001, 5/29/2001, 6/04/2001, 6/6/2001, 6/11/2001. Double jeopardy clause falls because proceedings were "essentially criminal" see Breed v. Jones, 421 U.S. 519, 528 (1975); Helvering v. Mitchell, 303 U.S. 391, 398 (1938)

### SECOND SPECIAL DEFENSE

3) That which also shows - intention for further punishment by Fleet Bank General Statutes Section 52-565 on page 7 of motion - Request for leave to Amend complaint by adding counterclaim and special defense dated March 16, 2005. This act previously just stated is a "functional equivalent of a successive criminal prosecution".

In addition - here are some more reasons as to why this claim falls under the double jeopardy clause: ① affirmative constraint such

as imprisonment, ② restraint-imprisonment historically regarded as a punishment, ③ it's operation will promote the traditional aims of punishment-retribution and deterrence, ④ behavior to which it applies is already a crime, ⑤ it appears excessive in relation to the alternative purpose assigned, ⑥ civil proceedings designed to impose "punishment" will implicate double jeopardy concerns.

B. PARTIES.

Plaintiff/Defendant amits that he was a custermer at Fleet Bank, authorized to do business at Fleet Bank.

C. JURISDICION.

Financial Privacy Act

D. NATURE OF CASE.

Plaintiff/Defendant denies some of the factual allegations directed to Plaintiff/Defendant. With regard to the rest of the factual allegations in this section of the complaint, Plaintiff/Defendant dose not have sufficient information on which to base a more sufficient response and therefore leaves Defendant/Plaintiff to his proff.

E. CAUSE OF ACTION.

Plaintiff/Defendant denies some of the factual allegations directed to plaintiff/Defendant. With regard to the rest of the factual allegations in this section of the complaint, plaintiff/Defendant dose not have sufficient information on which to base a response and therefore leaves Defendant/plaintiff.

F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.

Previous lawsuit against Fleet Bank was dismissed on 6/28/2005 (DKT#29), and plaintiff/defendant was not allowed the opistion and right to file a motion for reconsideration and/or amendment of judgment dated 7/7/2005 (DKT#29). Dismissal was due to Annuneio Wylie Act - immunity for financial institution for informat-

ion given to law enforcement or regulatory agency. Note, it was tryed to be better articulated, but motion previously stated went un-answered and not resolved. Defendant/Plaintiff's complaint fails to state a claim upon which relief can be granted.

G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS.   (DKT#09)

Previous lawsuit against Fleet Bank was dismissed on 6/28/2005, and Plaintiff/Defendant was not allowed the option and right to file a motion for reconsideration and/or amendment of judgment dated 7/7/2005. Dismissal was due to Annunzio Wylie Act - immunity for financial institution for information given to law enforcement or regulatory agency. Note, it was tryed to be better articulated, but motion previously stated went un-answered and not resolved. Defendant/Plaintiff's complaint fails to state a claim upon which relief can be granted.

- In addition. I know that the issues from B to G were not addressed, but, I believe it could help Defendant/Plaintiff with better understanding.

BY WAY OF COUNTER CLAIM AND SETOFF.

① Double jeopardy do to the reasons set forth in first and second defense.

② Fleet Bank disclosed financial information to a private entity on dates that follow: 6-14-2001, June 22, 2001

The result of this act is as follows: violation of the financial privacy Act, civil issues made into criminal issues, double jeopardy, annoyance, mental anguish, imprisonment as punishment, financial information disclosed to a private entity.

WHERFORE, counter claim Plaintiff/Defendant claims: Financial privacy Act - Double jeopardy - types of relief - ① Annoyance 50,000#, ② Compensatory 75,000#, ③ Exemplary Damges 75,000#, ④ mental anguish 50,000#, ⑤ Monetary 50,000#, ⑥ Punitive 150,000#. See Ismail v. Cohen, 899 F.2d 183, 187 (2d cir. 1990); Smith v. Wade, 461 U.S. 30, 51 (1983); ⑦ and such other and further relief as the court shall deem equitable and just.

Emmanuel Smith pro-se - plaintiff/defendant
335 Bilton Road - P.O. Box 180
Somers, CT 06071

# CERTIFICATION

4 page of 4

I hereby certify that a copy of the foregoing was mailed this 26 day of August, 2005 to the following Defendant:

    Gerald L. Garlick, Esq. of Krasow, Garlick and Hadley, LLC
    One State Street
    Hartford, CT 06103

*[signature]*
pro-se Emmanuel Smith